JS 44 (Rev. 07/16)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Univest Bank and Trust Co.
14 N. Main Street
Souderton, PA 18964

**DEFENDANTS**
CML RW Security, LLC
400 Young Court, Unit 1
Erie, CO 80516

**(b)** County of Residence of First Listed Plaintiff   Montgomery, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New Castle, Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William R. Hinchman
Robert P. Johns III
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, PA 19103
215-569-2700

Attorneys *(If Known)*
Edmond M. George
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Breach of Guaranty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $2,147,259.00 plus interest, attorneys' fees and costs

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  3/27/17

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X"
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Univest Bank and Trust Co., 14 N. Main Street, Souderton, PA 18964

Address of Defendant: CML RW Security, LLC, 400 Young Court, Unit 1, Erie, CO 80516

Place of Accident, Incident or Transaction: Univest Bank and Trust Co., 14 N. Main Street, Souderton, PA 18964
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☑  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
   (Please specify) 28 U.S.C. Section 1332(a)(1)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, William R. Hinchman, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: March 27, 2017    _____ Attorney-at-Law    60540 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 27, 2017    _____ Attorney-at-Law    60540 Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Univest Bank and Trust Co., 14 N. Main Street, Souderton, PA 18964

Address of Defendant: CML RW Security, LLC, 400 Young Court, Unit 1, Erie, CO 80516

Place of Accident, Incident or Transaction: Univest Bank and Trust Co., 14 N. Main Street, Souderton, PA 18964
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☑  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
   (Please specify) 28 U.S.C. Section 1332(a)(1)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, William R. Hinchman, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 27, 2017    _____    60540
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 27, 2017    _____    60540
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVEST BANK AND TRUST CO., | : |
| Plaintiff, | : Civil Action No.: |
| v. | : |
| CML RW SECURITY, LLC, | : |
| Defendants. | : |

## RULE 7.1 DISCLOSURE STATEMENT FORM

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Univest Bank and Trust Co., a non-governmental corporate party in the above listed civil action, identifies Univest Corporation of Pennsylvania as its parent corporation that owns 10% or more of its stock.

KLEHR HARRISON HARVEY BRANZBURG LLP

Dated: March 27, 2017        By: _____
William R. Hinchman, (PA I.D. No. 60540)
Robert P. Johns III, (PA. I.D. No. 209289)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700
whinchman@klehr.com
rjohns@klehr.com
*Counsel for Plaintiff Univest Bank and Trust Co.*

PHIL1 5987186v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVEST BANK AND TRUST CO., | : |
| Plaintiff, | : Civil Action No.: |
| v. | : |
| CML RW SECURITY, LLC, | : |
| Defendants. | : |

**RULE 7.1 DISCLOSURE STATEMENT FORM**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Univest Bank and Trust Co., a non-governmental corporate party in the above listed civil action, identifies Univest Corporation of Pennsylvania as its parent corporation that owns 10% or more of its stock.

KLEHR HARRISON HARVEY BRANZBURG LLP

Dated: March 27, 2017         By: _____
William R. Hinchman, (PA I.D. No. 60540)
Robert P. Johns III, (PA. I.D. No. 209289)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700
whinchman@klehr.com
rjohns@klehr.com
*Counsel for Plaintiff Univest Bank and Trust Co.*

PHIL1 5987186v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Univest Bank and Trust Co. | : | CIVIL ACTION |
| v. | : | |
| CML RW Security, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

| March 17, 2027 | /s/ | Univest Bank and Trust Co. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-2796 | (215) 568-6603 | WHinchman@klehr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVEST BANK AND TRUST CO., | : |
| Plaintiff, | : Civil Action No.: |
| v. | : |
| CML RW SECURITY, LLC, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Univest Bank and Trust Co. ("Univest" and/or "Bank"), by and through its counsel, Klehr Harrison Harvey Branzburg LLP, hereby brings this civil action and in support thereof states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Univest, is a banking corporation formed under the laws of the Commonwealth of Pennsylvania, having a principal place of business at 14 N. Main Street, Souderton, Pennsylvania 18964.

2. Defendant CML RW Security, LLC ("CML" or "Defendant") is a limited liability company formed under the laws of the State of Delaware, having a principal place of business at 400 Young Court, Unit 1, Erie, Colorado 80516.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) there is diversity of citizenship between the Plaintiff, Univest, a resident of the Commonwealth of

PHIL1 6008546v.1

Pennsylvania, and the Defendant, CML, a resident of the State of Delaware, and (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and Defendant knowingly and voluntarily conducted business in this district.

## BACKGROUND

5. Rotondo Weirich Enterprises, Inc. ("RWE") is a corporation organized under the laws of the Commonwealth of Pennsylvania, having had a registered address and principal place of business at 681 Harleysville Pike, PO Box 429, Lederach, Pennsylvania 19450-0429.

6. At relevant times hereto, RWE was engaged in the production of precast, prefinished modular concrete products incorporated into the construction of correctional facilities, housing and similar modular construction applications.

7. At relevant times hereto, Mario Rotondo ("Rotondo") and Stephen J. Weirich ("Weirich") have been and continue to be the owners of RWE.

8. RWE is not a named defendant in this action, since RWE filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Eastern District of Pennsylvania in the case captioned "In re Rotondo Weirich Enterprises, Inc.," Docket No. 15-16146, on or about August 27, 2015.

9. From about 1999 to 2015, Univest was RWE's primary lender, extending credit to RWE in the form of a $4,000,000 line of credit (the "Loan").

10. Rotondo and Weirich, through RWE, James J. Ramsey and Keith Thoene, formed CML as of January 1, 2013.

11. CML is in the business of providing equipment to correctional facilities worldwide, with annual revenues of approximately $30,000,000.00.

12. Through their interests in RWE, Rotondo and Weirich together owned a controlling interest in CML and both Rotondo and Weirich were authorized under the CML Operating Agreement to execute documents on behalf of CML in their capacity as voting managers of CML.

13. On or about September 25, 2013, RWE and Univest entered into a Debt Modification Agreement (the "DMA") pursuant to which, among other things, Univest agreed to waive RWE's debt coverage ratio with respect to the Loan in exchange for additional collateral and other considerations.

14. On the same date, and in consideration for the terms set forth in the DMA, CML entered into a guaranty agreement with Univest dated September 25, 2013 (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit "A."

15. Pursuant to the Guaranty, CML agreed to absolutely and unconditionally guaranty to Univest the payment and performance of the obligations of RWE to Univest, whether then existing or arising in the future including, without limitation, the obligations under the Loan. (Guaranty, ¶ 2).

16. Under the Guaranty, CML agreed that it would be liable to Univest regardless of whether Univest pursued its remedies against RWE or any other maker, surety, guarantor or endorser of the debt or against any property. (Guaranty, ¶ 4).

17. CML also agreed that the filing of a bankruptcy petition by RWE would not relieve CML from liability under the Guaranty, and that such a filing would be a default under the Guaranty. (Guaranty, ¶¶ 5 and 9).

PHIL1 6008546v.1

18. Further, CML agreed that it would remain obligated to pay on the Guaranty even if any other person who was obligated to pay the Loan, including RWE, had such obligation discharged in bankruptcy, foreclosure, or otherwise. (Guaranty, ¶ 4).

19. CML also agreed to pay all expenses of collection, enforcement or protection of Univest's rights and remedies under the Guaranty or any other document related to the Loan, including Univest's reasonable attorneys' fees and costs. (Guaranty, ¶ 12).

20. The Loan matured on June 30, 2015.

21. The failure to pay the Loan in full when due is a default under the Guaranty. (Guaranty, ¶ 9(A)).

22. Under the Guaranty, upon such a default, Univest may, *inter alia*, make all or any part of the amount owing due and payable under the terms of the Guaranty. (Guaranty, ¶ 11(A)).

23. The balance owed on the Loan is no less than $2,147,259.00, which debt continues to accrue interest at the rate of 5.75% per annum, attorneys' fees and costs (the "Debt").

24. Although not required, demand for payment of the Debt was made on CML by letter dated February 13, 2017.

25. Despite demand, CML refused to pay the Debt due pursuant to the Guaranty.

26. The Guaranty has not been assigned.

## COUNT I
### Breach of Contract – Guaranty Agreement

27. Univest repeats and realleges all prior allegations and incorporates the same in their entirety by reference herein.

28. As of June 30, 2015, CML was in default of its obligations to Univest under the Guaranty.

4

29. Despite demand, CML has failed and refused to honor its obligations to Univest under the Guaranty.

30. Univest has been damaged as a result of CML's failure and refusal to make payment on the Guaranty.

31. All conditions precedent, if any, necessary to bring this action have been met.

WHEREFORE, Univest demands judgment in its favor and against CML RW Security, LLC as follows:

    a. For judgment in the amount of $2,147,259.00 plus interest from and after February 13, 2017 at the per diem rate of $338.27;

    b. For attorneys' fees and costs, to be determined upon application to the Court; and

    c. For such other relief as the Court deems equitable and just.

Respectfully submitted,

**KLEHR HARRISON HARVEY BRANZBURG LLP**

Dated: March 27, 2017    By: _/s/_____
William R. Hinchman, (PA I.D. No. 60540)
Robert P. Johns III, (PA. I.D. No. 209289)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700
whinchman@klehr.com
rjohns@klehr.com
*Counsel for Plaintiff Univest Bank and Trust Co.*

# EXHIBIT A


# GUARANTY
(Continuing Debt - Unlimited)

**DATE AND PARTIES.** The date of this Guaranty is September 25, 2013. The parties and their addresses are:

**LENDER:**
UNIVEST BANK AND TRUST CO.
14 North Main St., P.O. Box 64197
Souderton, PA 18964
Telephone: (877) 723-5571

**BORROWER:**
ROTONDO WEIRICH ENTERPRISES, INC.
a Pennsylvania Corporation
681 Harleysville Pike, P.O. Box 429
Lederach, PA 19450-0429

**GUARANTOR:**
CML RW SECURITY, LLC
a Delaware Limited Liability Company
P.O. Box 429
Lederach, PA 19450

**1. DEFINITIONS.** As used in this Guaranty, the terms have the following meanings:

**A. Pronouns.** The pronouns "I", "me" and "my" refer to all persons or entities signing this Guaranty, individually and together. "You" and "your" refer to the Lender.

**B. Note.** "Note" refers to the document that evidences the Borrower's indebtedness, and any extensions, renewals, modifications and substitutions of the Note.

**C. Property.** "Property" means any property, real, personal or intangible, that secures performance of the obligations of the Note, Debt, or this Guaranty.

**2. SPECIFIC AND FUTURE DEBT GUARANTY.** For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and to induce your forbearance with respect to any Debt, or to induce you to extend and/or maintain credit, or grant any other financial accommodation, I absolutely and unconditionally agree to all terms of and guaranty to you the payment and performance of each and every Debt, of every type, purpose and description that the Borrower either individually, among all or a portion of themselves, or with others, may now or at any time in the future owe you, including, but not limited to the following described Debt(s) including without limitation, all principal, accrued interest, attorneys' fees and collection costs, when allowed by law, that may become due from the Borrower to you in collecting and enforcing the Debt and all other agreements with respect to the Borrower.

A promissory note or other agreement, No. ▇▇▇▇9651, dated November 17, 2008, from Rotondo Weirich Enterprises, Inc. (Borrower) to you, in the amount of $4,000,000.00.

In addition, Debt refers to debts, liabilities, and obligations of the Borrower (including, but not limited to, amounts agreed to be paid under the terms of any notes or agreements securing the payment of any debt, loan, liability or obligation, overdrafts, letters of credit, guaranties, advances for taxes, insurance, repairs and storage, and all extensions, renewals, refinancings and modifications of these debts) whether now existing or created or incurred in the future, due or to become due, or absolute or contingent, including obligations and duties arising from the terms of all documents prepared or submitted for the transaction such as applications, security agreements, disclosures, and the Note.

You may, without notice, apply this Guaranty to such Debt of the Borrower as you may select from time to time.

**3. EXTENSIONS.** I consent to all renewals, extensions, modifications and substitutions of the Debt which may be made by you upon such terms and conditions as you may see fit from time to time without further notice to me and without limitation as to the number of renewals, extensions, modifications or substitutions.

**A. Future Advances.** I waive notice of and consent to any and all future advances made to the Borrower by you.

**4. UNCONDITIONAL LIABILITY.** I am unconditionally liable under this Guaranty, regardless of whether or not you pursue any of your remedies against the Borrower, against any other maker, surety, guarantor or endorser of the Debt or against any Property. You may

---

CML RW Security, LLC
Pennsylvania Guaranty
PA/4XXASHARP00000000000665057N  Wolters Kluwer Financial Services ©1996, 2013 Bankers Systems™  Page 1



sue me alone, or anyone else who is obligated on this Guaranty, or any number of us together, to collect the Debt. My liability is not conditioned on the signing of this Guaranty by any other person and further is not subject to any condition not expressly set forth in this Guaranty or any instrument executed in connection with the Debt. My obligation to pay according to the terms of this Guaranty shall not be affected by the illegality, invalidity or unenforceability of any notes or agreements evidencing the Debt, the violation of any applicable usury laws, forgery, or any other circumstances which make the indebtedness unenforceable against the Borrower. I will remain obligated to pay on this Guaranty even if any other person who is obligated to pay the Debt, including the Borrower, has such obligation discharged in bankruptcy, foreclosure, or otherwise discharged by law.

**5. BANKRUPTCY.** If a bankruptcy petition should at any time be filed by or against the Borrower, the maturity of the Debt, so far as my liability is concerned, shall be accelerated and the Debt shall be immediately payable by me. I acknowledge and agree that this Guaranty, and the Debt secured hereby, will remain in full force and effect at all times, notwithstanding any action or undertakings by, or against, you or against any Property, in connection with any obligation in any proceeding in the United States Bankruptcy Courts. Such action or undertaking includes, without limitation, valuation of Property, election of remedies or imposition of secured or unsecured claim status upon claims by you, pursuant to the United States Bankruptcy Code, as amended. In the event that any payment of principal or interest received and paid by any other guarantor, borrower, surety, endorser or co-maker is deemed, by final order of a court of competent jurisdiction, to have been a voidable preference under the bankruptcy or insolvency laws of the United States or otherwise, then my obligation will remain as an obligation to you and will not be considered as having been extinguished.

**6. REVOCATION.** I agree that this is an absolute and unconditional Guaranty. I agree that this Guaranty will remain binding on me, whether or not there are any Debts outstanding, until you have actually received written notice of my revocation or written notice of my death or incompetence. Notice of revocation or notice of my death or incompetence will not affect my obligations under this Guaranty with respect to any Debts incurred by or for which you have made a commitment to Borrower before you actually receive such notice, and all renewals, extensions, refinancings, and modifications of such Debts. I agree that if any other person signing this Guaranty provides a notice of revocation to you, I will still be obligated under this Guaranty until I provide such a notice of revocation to you. If any other person signing this Guaranty dies or is declared incompetent, such fact will not affect my obligations under this Guaranty.

**7. SECURITY.** This Guaranty is secured by Property described in separate security instruments or agreements executed in your favor.

**8. PROPERTY.** I agree that any Property may be assigned, exchanged, released in whole or in part or substituted without notice to me and without defeating, discharging or diminishing my liability. My obligation is absolute and your failure to perfect any security interest or any act or omission by you which impairs the Property will not relieve me or my liability under this Guaranty. You are under no duty to preserve or protect any Property until you are in actual or constructive possession. For purposes of this paragraph, you will only be in "actual" possession when you have physical, immediate and exclusive control over the Property and have accepted such control in writing. Further, you will only be deemed to be in "constructive" possession when you have both the power and intent to exercise control over the Property.

**9. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

    **A. Payments.** I fail to make a payment in full when due.

    **B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me, Borrower, or any co-signer, endorser, surety or guarantor of this Guaranty or any Debt.

    **C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

    **D. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Guaranty.

    **E. Other Documents.** A default occurs under the terms of any other document relating to the Debt.

    **F. Other Agreements.** I am in default on any other debt or agreement I have with you.

    **G. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

    **H. Judgment.** I fail to satisfy or appeal any judgment against me.

    **I. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

    **J. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

    **K. Property Transfer.** I transfer all or a substantial part of my money or property.

    **L. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

    **M. Material Change.** Without first notifying you, there is a material change in my business, including ownership, management, and financial conditions.

**N. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Guaranty or that the prospect for payment or performance of the Debt is impaired for any reason.

**10. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

    **A. Additional Waivers.** In addition, to the extent permitted by law, I consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to the Debt or this Guaranty.

        (1) You may renew or extend payments on the Debt, regardless of the number of such renewals or extensions.

        (2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

        (3) You may release, substitute or impair any Property.

        (4) You, or any institution participating in the Debt, may invoke your right of set-off.

        (5) You may enter into any sales, repurchases or participations of the Debt to any person in any amounts and I waive notice of such sales, repurchases or participations.

        (6) I agree that the Borrower is authorized to modify the terms of the Debt or any instrument securing, guarantying or relating to the Debt.

        (7) You may undertake a valuation of any Property in connection with any proceedings under the United States Bankruptcy Code concerning the Borrower or me, regardless of any such valuation, or actual amounts received by you arising from the sale of such Property.

        (8) I agree to consent to any waiver granted the Borrower, and agree that any delay or lack of diligence in the enforcement of the Debt, or any failure to file a claim or otherwise protect any of the Debt, in no way affects or impairs my liability.

        (9) I agree to waive reliance on any anti-deficiency statutes, through subrogation or otherwise, and such statutes in no way affect or impair my liability. In addition, until the obligations of the Borrower to Lender have been paid in full, I waive any right of subrogation, contribution, reimbursement, indemnification, exoneration, and any other right I may have to enforce any remedy which you now have or in the future may have against the Borrower or another guarantor or as to any Property.

    Any Guarantor who is an "insider," as contemplated by the United States Bankruptcy Code, 11 U.S.C. 101, as amended, makes these waivers permanently. (An insider includes, among others, a director, officer, partner, or other person in control of the Borrower, a person or an entity that is a co-partner with the Borrower, an entity in which the Borrower is a general partner, director, officer or other person in control or a close relative of any of these other persons.) Any Guarantor who is not an insider makes these waivers until all Debt is fully repaid.

    **B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in the Debt instruments, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

    **C. Waiver of Claims.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith.

**11. REMEDIES.** After the Borrower or I default, you may at your option do any one or more of the following.

    **A. Acceleration.** You may make all or any part of the amount owing by the terms of this Guaranty immediately due.

    **B. Sources.** You may use any and all remedies you have under state or federal law or in any documents relating to the Debt.

    **C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on default.

    **D. Payments Made on the Borrower's Behalf.** Amounts advanced on the Borrower's behalf will be immediately due and may be added to the balance owing under the Debt.

    **E. Termination.** You may terminate my rights to obtain advances or other extensions of credit by any of the methods provided in this Guaranty.

    **F. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Guaranty against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Guaranty" means the total amount to which you are entitled to demand payment under the terms of this Guaranty at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay the Debt, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**G. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**12. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Guaranty or any other document relating to the Debt. To the extent permitted by law, expenses include, but are not limited to, reasonable attorneys' fees, court costs and other legal expenses. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**13. WARRANTIES AND REPRESENTATIONS.** I make to you the following warranties and representations which will continue as long as this Guaranty is in effect:

**A. Power.** I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate. I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

**B. Authority.** The execution, delivery and performance of this Guaranty and the obligation evidenced by this Guaranty are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

**C. Name and Place of Business.** Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name. Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

In addition, I represent and warrant that this Guaranty was entered into at the request of the Borrower, and that I am satisfied regarding the Borrower's financial condition and existing indebtedness, authority to borrow and the use and intended use of all Debt proceeds. I further represent and warrant that I have not relied on any representations or omissions from you or any information provided by you respecting the Borrower, the Borrower's financial condition and existing indebtedness, the Borrower's authority to borrow or the Borrower's use and intended use of all Debt proceeds.

**14. RELIANCE.** I acknowledge that you are relying on this Guaranty in extending credit to the Borrower, and that I have signed this Guaranty to induce you to forbear from exercising your remedies against the Borrower, extend credit to the Borrower, maintain the Borrower's credit, or grant any other financial accommodation. I represent and warrant to you that I have a direct and substantial economic interest in the Borrower and expect to derive substantial benefits from the continued existence of the Debt guarantied hereby, and from any loan and/or financial accommodations resulting in the creation of other Debt guarantied hereby, and that this Guaranty is given for a business purpose. I agree to rely exclusively on the right to revoke this Guaranty prospectively as to future transactions in the manner as previously described in this Guaranty if at any time, in my opinion or the opinion of the directors or officers of my business, the benefits then being received by me in connection with this Guaranty are not sufficient to warrant the continuance of this Guaranty. You may rely conclusively on a continuing warranty that I continue to be benefited by this Guaranty and you will have no duty to inquire into or confirm the receipt of any such benefits, and this Guaranty will be effective and enforceable by you without regard to the receipt, nature or value of any such benefits.

**15. APPLICABLE LAW.** This Guaranty is governed by the laws of Pennsylvania, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law.

**16. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Guaranty may not be amended or modified by oral agreement. No amendment or modification of this Guaranty is effective unless made in writing and executed by you and me. This Guaranty is the complete and final expression of the agreement. If any provision of this Guaranty is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

**17. ASSIGNMENT.** If you assign any of the Debts, you may assign all or any part of this Guaranty without notice to me or my consent, and this Guaranty will inure to the benefit of your assignee to the extent of such assignment. You will continue to have the unimpaired right to enforce this Guaranty as to any of the Debts that are not assigned. This Guaranty shall inure to the benefit of and be enforceable by you and your successors and assigns and any other person to whom you may grant an interest in the Debts and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**18. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Guaranty.

**19. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Guarantor will be deemed to be notice to all Guarantors. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Guaranty and to confirm your lien status on any Property. Time is of the essence.

**20. CREDIT INFORMATION.** I agree that from time to time you may obtain credit information about me from others, including other lenders and credit reporting agencies, and report to others (such as a credit reporting agency) your credit experience with me. I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others.

**21. WAIVER OF JURY TRIAL.** All of the parties to this Guaranty knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Guaranty or any other documents relating to the Debt or related obligation. All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.

---

**WARRANT OF AUTHORITY TO CONFESS JUDGMENT.** Upon default, in addition to all other remedies and rights available to you, by signing below I irrevocably authorize the prothonotary, clerk, or any attorney to appear in any court of record having jurisdiction over this matter and to confess judgment against me at any time without stay of execution. I waive notice, service of process, and process. I agree and understand that judgment may be confessed against me for any unpaid principal, accrued interest, and accrued charges due on this Guaranty, plus collection costs and reasonable attorneys' fees up to 15 percent of the judgment. The exercise of the power to confess judgment will not exhaust this warrant of authority to confess judgment and may be done as often as you elect. I further understand that my property may be seized without prior notice to satisfy the debt owed. I knowingly, intelligently, and voluntarily waive any and all constitutional rights I have to pre-deprivation notice and hearing under federal and state laws and fully understand the consequences of this waiver.

By signing immediately below, I agree to the terms of the CONFESSION OF JUDGMENT section and I certify that my annual income exceeds $10,000.

RW Global Security, LLC

By _____  Date 9/30/13
Steven J. Weirich, Voting Manager

By _____  Date 9/28/13
Mario Rotondo, Voting Manager

---

**22. SIGNATURES.** By signing, I agree to the terms contained in this Guaranty. I also acknowledge receipt of a copy of this Guaranty.

**GUARANTOR:**

CML RW Security, LLC

By_____ Date_____
Steven J. Weirich, Voting Manager

By_____ Date 9/28/13
Mario Rotondo, Voting Manager

**LENDER:**

Univest Bank and Trust Co.

By_____ Date_____
William F. Marks, Senior Vice President

**GUARANTOR:**

CML RW Security, LLC

By_____  Date 9/30/13
Steven J. Weirich, Voting Manager

By_____  Date_____
Mario Rotondo, Voting Manager

**LENDER:**

Univest Bank and Trust Co.

By_____ SVP  Date 9/30/13
William F. Marks, Senior Vice President